IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN TOWNSEND,
: Plaintiff
:
: CIVIL NO. 3:13-CV-758
v. :
: (JUDGE NEALON)
RONNIE R. HOLT, ET AL., : (MAGISTRATE JUDGE SCHWAB)
Defendants :

FILED SCRANTON
AUG 1 6 2013
PER ___
DEPUTY CLERK

## MEMORANDUM

On March 25, 2013, Plaintiff, Kelvin Townsend, an inmate currently incarcerated in the United States Penitentiary Beaumont, Texas, filed a civil rights complaint pursuant to 42 U.S.C. § 1983[1] and Bivens.[2] (Doc. 1). Named as Defendants are the Federal Bureau of Prisons ("BOP") and the following employees of the Canaan United States Penitentiary in Waymart, Pennsylvania ("USP-Canaan"): Warden Holt, Lieutenant Gintz, and Doctor Holloway. (Id.). Plaintiff alleges that Defendants are liable for the injuries he suffered on or about March 8, 2011, amounting to cruel and unusual punishment in violation of the Eighth Amendment. (Id.).

On May 14, 2013, Magistrate Judge Susan E. Schwab screened the complaint and issued a Report and Recommendation ("R&R") recommending that Defendant BOP and the official capacity claims against the remaining Defendants be dismissed with prejudice. (Doc. 10) (citing 28 U.S.C. § 1915A); see also 28 U.S.C. § 1915(g). On June 18, 2013, Plaintiff filed objections

---

[1] Plaintiff's claims fall within the ambit of 28 U.S.C. § 1331. See Baumgardner v. Ebbert, 2013 U.S. Dist. LEXIS 42767, *4-6 (M.D. Pa. 2013) (Nealon, J.); Shelton v. Bledsoe, 2012 U.S. Dist. LEXIS 153059, *3-4 (M.D. Pa. 2012) (Nealon, J.).

[2] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

to the R&R. (Doc. 13). For the reasons set forth below, the R&R will be adopted in part and Plaintiff will be directed to file an amended complaint.

**Background**

Plaintiff alleges that on or about March 8, 2011, inmate Williams at USP-Canaan attacked him, resulting in Plaintiff's loss of consciousness, bleeding wounds to his face, and multiple facial fractures.[3] (Doc. 1). On the day of the attack, Plaintiff was transported to a local hospital for treatment, where he remained until March 17, 2011. (Id., Ex. A- medical records). The complaint alleges that the BOP has attempted to shift the responsibility of the assault to Plaintiff in an attempt to cover up its own liability. (Doc. 1). Plaintiff alleges that Defendant Warden Holt was responsible for creating a secure environment, but instead "created an environment of violence and a culture of staff cover up when they were responsible for the environment that caused this nature of violence." (Id.). Plaintiff alleges that Defendant Gintz, who conducted the SIS[4] investigation, attempted to cover up the prison staff's liability for not having supervision in the unit by issuing a false incident report stating that he observed the altercation on security cameras; but, the report was later rewritten to exclude mention of the video recordings. (Id.). Plaintiff alleges that Defendant Holloway, the doctor at USP-Canaan, disregarded hospital orders and Plaintiff's need for pain medication, causing Plaintiff to suffer an enormous amount of pain in violation of the Eighth Amendment. (Id.). Finally, the complaint alleges that Defendant BOP is liable for failing to properly train its staff and for encouraging

---

[3]Plaintiff also alleges that he was in a "coma state for a pro-longed term"; but the medical records attached to the complaint contradict this claim. See (Doc. 1, Ex. A- medical records).

[4]Special Investigative Service.

2

cover ups and the mistreatment of inmates. (Doc. 1).

The complaint alleges that because no officer was present in the unit where the incident occurred on March 8, 2011, Defendants were deliberately indifferent by failing to protect Plaintiff. (Doc. 1), citing Farmer v. Brennan, 511 U.S. 825 (1994); Hudson v. Palmer, 468 U.S. 517 (1984). Plaintiff alleges that an officer's presence would have been a deterrent to the assault. (Id.) Further, he claims that the prison "allowed this inmate to possess a weapon in the form of a lock that it sold to the inmate in it's [sic] commissary" which was used by inmate Williams to attempt to murder Plaintiff.[5] (Doc. 1). Plaintiff alleges that Defendants should have known of a substantial risk of harm and could have prevented the assault. (Id.). He seeks compensatory and punitive damages from each named Defendant. (Id.).

According to the exhibits attached to the complaint,[6] an SIS investigation of the incident determined that Plaintiff initiated the assault by striking inmate Williams in the head with a lock attached to a belt. (Doc. 1, Incident Report dated May 3, 2011). Inmate Williams defended himself and both inmates fought. (Id.). The injuries to both inmates and the physical evidence was consistent with this version of events. (Id.); (Doc. 1, Incident Report dated June 20, 2011). Additionally, prison staff found the weapon used in the assault, and it was determined that the lock belonged to Plaintiff. (Id.); (Doc. 1, Discipline Hearing Officer Report). Disciplinary charges were filed against Plaintiff for Assault and for Possession Of A Weapon/Conduct Which

---

[5] It is not clear whether Plaintiff is alleging that inmate Williams purchased the lock or that inmate Williams used the lock Plaintiff purchased. See (Doc. 1, p. 11).

[6] "The Court can consider Plaintiff's exhibits submitted with his Complaint for present screening purposes." Murchison v. Bledsoe, 2011 U.S. Dist. LEXIS 155386, *2-3 n. 3 (M.D. Pa. 2011) (Blewitt, J.), adopted by 2012 U.S. Dist. LEXIS 82671 (M.D. Pa. 2012) (Caputo, J.).

Disrupts. (Id.). After a hearing, Plaintiff was found guilty of both charges and sanctioned. (Id.). It appears that the only grievance Plaintiff filed was an appeal from the disciplinary hearing. (Doc. 1, Regional Administrative Remedy Appeal). In that appeal, Plaintiff claimed that he has no memory of the assault, challenged the sufficiency of the evidence, and alleged that BOP staff assaulted him and only issued the incident report to cover up their actions. (Id.).

In the R&R, Magistrate Judge Susan E. Schwab explains that the "Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by prisoners given leave to proceed in forma pauperis in cases that seek redress against government officials." (Doc. 10, p. 5). The Magistrate Judge states that pursuant to 28 U.S.C. § 1915A, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. (Id.); see also 28 U.S.C. § 1915(e). Magistrate Judge Schwab determines that the statute's text mirrors the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id.). The R&R then outlines the applicable pleading standards. (Doc. 10, pp. 6-8), quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Magistrate Judge Schwab explains that the court must accept as true all well-pleaded allegations in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. (Id. at p. 7) (citing Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994)). But, a "well-pleaded complaint must contain more than mere legal labels and conclusions." (Doc. 10, p. 7), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations").

Next, the Magistrate Judge discusses the doctrine of sovereign immunity. (Doc. 10, pp. 9-10). Magistrate Judge Schwab reasons that sovereign immunity has not been waived for Plaintiff's claims. (Id.) (citing Forbes v. Reno, 893 F. Supp. 476, 481(W.D. Pa. 1995)). The Magistrate Judge determines that a Bivens action cannot be brought against a federal agency and therefore recommends that Defendant BOP be dismissed. (Id.) (citing FDIC v. Meyer, 510 U.S. 471, 486 (1994)). Additionally, the R&R explains that sovereign immunity extends to individual officers sued in their official capacities, thus recommending that the official capacity claims against the remaining Defendants be dismissed. (Id.) (citing Shuey v. Schwab, 2010 U.S. Dist. LEXIS 9715, *28 (M.D. Pa. 2010) (Caputo, J.)). Magistrate Judge Schwab finds that it would be futile to afford Plaintiff an opportunity to file an amended complaint as to these Defendants and his official capacity claims. (Doc. 10, p. 10) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)).

In his objections, Plaintiff concedes that Defendant BOP should be dismissed. (Doc. 13, p. 2). He alleges, however, that the remaining Defendants do not have qualified immunity because they willfully violated his constitutional rights by disregarding his safety. (Id.) (citing Scott v. Harris, 550 U.S. 372, 377 (2007)). He refers to the two-part test outlined by the United States Supreme Court for evaluating claims of qualified immunity. (Doc. 13, pp. 2-3) (citing Saucier v. Katz, 533 U.S. 194 (2001)).

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. §

5

636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). Conversely, in the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 337 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

## Discussion

Although Plaintiff's objections are untimely[7], they will be considered; and this Court will apply de novo review. After review, this Court will adopt the recommendations in the R&R to dismiss with prejudice Defendant BOP and the official capacity claims against the remaining Defendants. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) (holding, a "prisoner

---

[7]Plaintiff admits that he received the R&R on May 23, 2013, but his objections, filed June 18, 2013, are dated June 13, 2013. See M.D. L.R. 72.3 (requiring objections to an R&R to be filed within fourteen (14) days of service of the R&R); (Docs. 10, 13).

6

may not bring a Bivens claim against the ... BOP"); Lewal v. Ali, 289 Fed. Appx. 515, 516 (3d Cir. 2008) (concluding that the Bivens claims against the prison official defendants in their official capacities were properly dismissed).

In his objections, Plaintiff confuses the doctrine of qualified immunity with the doctrine of sovereign immunity. "[Q]ualified immunity is an affirmative defense." Crawford-El v. Britton, 523 U.S. 574, 586-87 (1998) (citing Gomez v. Toledo, 446 U.S. 635, 639-41 (1980)). To determine whether the doctrine of qualified immunity is applicable, the court applies the two-part test Plaintiff discusses in his objections. See Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012). However, the issue of qualified immunity is not currently before the Court. Instead, Magistrate Judge Schwab bases her decision on the doctrine of soveriegn immunity, which "bars all suits against the United States except where such immunity is explicitly waived by Congress." Mierzwa v. United States, 282 Fed. Appx. 973, 976 (3d Cir. 2008) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)). "An action against government officials in their official capacities constitutes an action against the United States." Lewal, 289 Fed. Appx. at 516 (holding that "Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver). "Neither the United States nor its agencies have waived[8] sovereign immunity for constitutional claims." Mierzwa, 282 Fed. Appx. at 976-77; Patterson v. Potope, 2013 U.S.

---

[8] This Court recognizes that "claims requesting prospective injunctive relief from official-capacity defendants does not run afoul of sovereign immunity"; however, Plaintiff has not made any such relief requests. See Perry v. Pa. Dep't of Corr., 441 Fed. Appx. 833, 836 n.1 (3d Cir. 2011); (Doc. 1). Moreover, granting Plaintiff leave to amend his relief request would be futile because he is no longer incarcerated at USP-Canaan. See Tsosie v. Dunbar, 2012 U.S. Dist. LEXIS 50336, *28 n.10 (M.D. Pa. 2012) (Caputo, J.) (holding that the claims for injunctive and declaratory relief became moot when the plaintiff was transferred to another correctional facility), affirmed by, 2012 U.S. App. LEXIS 23436 (3d Cir. 2012).

Dist. LEXIS 46994, *34 (M.D. Pa. 2013) (Nealon, J.). Accordingly, the Magistrate Judge correctly concludes that the official capacity claims against Defendants Warden Holt, Lieutenant Gintz, and Doctor Holloway, all employees of USP-Canaan, are barred by sovereign immunity. Plaintiff's objections will be overruled.

Additionally, this Court finds that the complaint fails to sufficiently state a claim against Defendants Holt and Gintz, and will direct Plaintiff to file an amended complaint. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

"In order to state an actionable Bivens claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law." Azzara v. Scism, 2012 U.S. Dist. LEXIS 27459, *6 (M.D. Pa. 2012) (Nealon, J.), citing West v. Atkins, 487 U.S. 42, 48 (1988); Young v. Keohane, 809 F. Supp. 1185, 1200 n.16 (M.D. Pa. 1992) (Conaboy, J.). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)); Mitchell v. Beard, 492 Fed. Appx. 230, 235 (3d Cir. 2012) (finding that the prisoner's allegations against four of the DOC defendants "that they are liable for improperly supervising those directly responsible for his injuries" were insufficient to state a claim). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at

1207-08; see also Houston v. Southers, 2012 U.S. Dist. LEXIS 85318, *9-10 (M.D. Pa. 2012) (Jones, J.).

1.  **Deliberate Indifference- Medical Care**

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Additionally, if the delay or denial of adequate medical care results in the unnecessary and wanton infliction of pain or causes an inmate to suffer a life-long handicap or permanent loss, the medical need is "serious." Id.

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197; see also Peterson v. Knauer, 2008 U.S. Dist. LEXIS 14057, *10 (E.D. Pa. 2008) (explaining that the "the refusal to

9

administer pain medication contrary to a surgeon's orders" may constitute deliberate indifference).

In the instant complaint, Plaintiff alleges that Defendant Holloway did not follow hospital orders regarding medications and disregarded Plaintiff's need for pain medication. (Doc. 1). Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, see Young v. Kazmerski, 266 Fed. Appx. 191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment, see White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). Nevertheless, Plaintiff's allegations sufficiently state an Eighth Amendment deliberate indifference claim against Defendant Holloway so as to survive the screening process. See Kennedy v. S.C.I. Rockview Employees, 2010 U.S. Dist. LEXIS 123545, *18-19 (M.D. Pa. 2010) (Caputo, J.) (holding that "[a]lthough 'mere disagreement' about pain management does not rise to the level of deliberate indifference," when the prisoner suggests he is being denied medical treatment for his severe pain, a constitutional claim has been pled) (internal citations omitted); Abraham v. Digugleilmo, 2010 U.S. Dist. LEXIS 51941, *14 (E.D. Pa. 2010) (holding that deliberate indifference may be manifested by a denial of prescribed medical treatment). While the complaint's failure to specify the dates which Defendant Holloway allegedly disregarded hospital orders and Plaintiff's need for pain medication is troubling, compare Purveegiin v. York County Prison, 2007 U.S. Dist. LEXIS 6409, *6 (M.D. Pa. 2007) (Vanaskie, J.) (concluding that the complaint failed to comply with Rule 8 because, inter alia, it "lack[ed] specific allegations of time and place"), with Coades v. Jeffes, 822 F. Supp. 1189, 1192 (E.D. Pa. 1993) (denying the motion to dismiss the complaint for its alleged failure to provide specific dates upon which

medical treatment was requested and denied), the claim will not be dismissed at this time.

### 2. Duty to Protect

The Eighth Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners. See Farmer, 511 U.S. at 833-34 (1994), citing Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To prevail on a failure to protect claim, the prisoner must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm", and (2) that "the official knows of and disregards an excessive risk to inmate health or safety." Id. at 834-38.

"In determining whether the risk of an inmate being assaulted by other inmates is sufficiently serious to trigger constitutional protection under the Eighth Amendment, the focus must be, not the extent of the physical injuries sustained in the attack, but rather the existence of a substantial risk of serious harm." Pearson v. Vaughn, 102 F. Supp. 2d 282 (E.D. Pa. 2000) (internal citations omitted). "The prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Helling v. McKinney, 509 U.S. 25, 35 (1993).

With respect to the second element, the court must determine whether the official acted with a sufficiently culpable state of mind because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Collins v. Bledsoe, 2011 U.S. Dist. LEXIS 101365, *29 (M.D. Pa. 2011) (Kane, J.) (quoting Farmer, 511 U.S. at 834). Deliberate indifference requires that the official "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at

834-38. It is not an objective test for deliberate indifference; rather, the court must look to what the prison official actually knew, rather than what a reasonable official in his position should have known. See Shelton v. Bledsoe, 2012 U.S. Dist. LEXIS 153059, *15 (M.D. Pa. 2012) (Nealon, J.).

The prisoner must show that the harm suffered resulted from the defendant's deliberate indifference to his/her safety. See id.; Pearson, 102 F. Supp. 2d at 291. "[N]egligence, or a lack of due care under the circumstances, is insufficient to support a claim that the defendants failed to protect the prisoner." Pearson v. Karnes, 2011 U.S. Dist. LEXIS 24581, *7 (M.D. Pa. 2011) (Caputo, J.) (dismissing the inmate's claim that the defendant corrections officer failed to protect him from an attack by another inmate when the defendant opened both cell doors at the same time), citing Davidson v. Cannon, 474 U.S. 344, 347 (1986).

In addition to a direct liability claim of deliberate indifference, where the defendants are alleged to have known of and ignored the particular risk, see Farmer, 511 U.S. at 833-34, a plaintiff may also seek to hold supervisors liable for their deficient policies, see Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989). Beers-Capitol v. Whetzel, 256 F.3d 120, 135 (3d Cir. 2001). To hold a supervisor liable on an Eighth Amendment claim for failure to properly supervise, "the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol, 256 F.3d at 134, citing City of Canton v. Harris, 489 U.S. 378 (1989); Sample, 885 F.2d 1099.

In the instant complaint, Plaintiff alleges that he "has proven and shown that the defendants had actual knowledge of the impending assault and that they could have prevented it but they did not." (Doc. 1, p. 13). Contrary to this assertion, Plaintiff has offered no facts to establish that he faced a substantial risk of harm or that any Defendant disregarded that risk.

Initially, this Court finds that there are no allegations against Defendants Holloway or Gintz with respect to this claim. Plaintiff's allegations against Defendant Holloway are limited to the medical care claim. (Doc. 1, pp. 7-8). As to Defendant Gintz, the complaint alleges that he acted to cover up the assault and any staff liability, but offers no evidence that he was in any way involved with the circumstances leading up to the incident. (Id.). In fact, the complaint states that Defendant Gintz "was not in the unit where the assault occurred." (Id.). The remaining Defendant is Warden Holt, who is allegedly liable in his supervisory role.

Plaintiff does not allege that he feared for his safety or that he notified any Defendant that he may be in danger.[9] See Jones v. Beard, 145 Fed. Appx. 743, 746 (3d Cir. 2005) (concluding that the "isolated comments of the prisoner, who complained that he faced a risk of assault after being double-celled with an inmate with a history of mental problems, "were insufficient to show that the guards knew that he faced a substantial risk such that they could be considered deliberately indifferent to that risk"). The complaint "is, simply, devoid of allegations that demonstrate that there was a threat to [Plaintiff's] health and safety, that Defendants were aware

---

[9]Although not determinative, this Court notes that not only does Plaintiff fail to allege that he feared for his safety, but the SIS investigation concluded that Plaintiff started the fight with his cellmate. Compare Santiago v. Walls, 599 F.3d 749, 759 (7th Cir. 2010) (determining that because it was the warden's responsibility to ensure that no fight ever took place, the identity of the inmate who threw the first punch was irrelevant), with Clark v. Johnson, 181 Fed. Appx. 606, 607 (7th Cir. 2006) (holding, "prison officials cannot reasonably be required to protect an inmate who intentionally instigates a violent altercation with another prisoner").

13

of that threat, and that Defendants did not take measures to protect [him] from whatever threat that was." Dock v. Rush, 2010 U.S. Dist. LEXIS 115449, *11 (M.D. Pa. 2010) (Jones, J.) (dismissing the failure to protect claim). "There is not a hint that [any Defendant] was aware that the other inmate would assault [Plaintiff], or vice versa." Pearson, 2011 U.S. Dist. LEXIS 24581 at *8; see also Clark v. Fleming, 2011 U.S. Dist. LEXIS 24584, *24-25 (M.D. Pa. 2011) (Caputo, J.) (finding that any failure to protect claim against the warden and unit manager would fail because there was no indication that placing the plaintiff with his cellmate posed a risk to either inmate's safety and, further, because the plaintiff, who was admittedly violent, attacked his cellmate while the cellmate was in restraints). Accordingly, the complaint fails to allege that Defendant Holt, or any Defendant, knew of and ignored the risk that inmate Williams would assault Plaintiff.

The allegations are also insufficient to impose supervisor liability. Plaintiff suggests that the absence of an officer on the unit contributed to the assault. He does not allege, however, that Defendant Holt was aware of the lack of supervision or directed that no officer be present. See Ferguson v. Sniezek, 2013 U.S. Dist. LEXIS 107441, *29-30 (M.D. Pa. 2013) (Rambo, J.) (explaining that a civil rights complaint must allege personal involvement). The complaint also fails to offer any facts from which it can be concluded that the lack of supervision actually created a substantial risk of harm. See Farmer, 511 U.S. at 842-43 (explaining that when a "plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to

14

permit a trier of fact to find that the defendant-official had actual knowledge of the risk");
Hernandez v. Unknown, 433 Fed. Appx. 56, 58 (3d Cir. 2011). Further, the complaint does not identify a specific policy, practice, or custom that directly caused the constitutional harm. See Tabb v. Hannah, 2012 U.S. Dist. LEXIS 106529, *24 (M.D. Pa. 2012) (Caldwell, J.) (dismissing the failure to protect claim for lack of personal involvement and/or supervisor liability). Plaintiff's conclusory allegation that Defendant Holt "created an environment of violence" is therefore insufficient to state a claim. Id.; Keys v. Carroll, 2012 U.S. Dist. LEXIS 97530, *12-13 (M.D. Pa. 2012) (Caputo, J.) (finding that the conclusory allegations regarding the failure to protect claim had "no particularized support").

Next, the complaint alleges that prison staff were deliberately indifferent for selling locks in the commissary. But, Plaintiff does not plead any facts from which Defendants could draw the inference that selling locks posed a substantial risk to inmate safety. See Wallace v. Doe, 512 Fed. Appx. 141, 144 (3d Cir. 2013) (holding that the inmate, who suffered radiator burns, could not "establish that officials could be aware of any facts from which they could draw an inference that the radiators in the EA Unit posed a substantial risk of serious harm"). At most, Plaintiff's allegations might support a claim that prison officials were negligent for selling locks in the prison and/or for not having a corrections officer on the unit at the time of the assault. See Pearson, 2011 U.S. Dist. LEXIS 24581 at *8. Negligence, however, does not rise to the level of a constitutional violation. Id.

At this time, this Court cannot determine whether an amendment would cure these defects, accordingly, Plaintiff will be given leave to amend his failure to protect claim. See Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 456 (3d Cir. 1996) (finding that the

prisoner should have been granted leave to amend his failure to protect claim).

Finally, the complaint mentions Defendants "failure to intervene"; however, a corrections officer's failure to intervene in an assault can only be the basis of liability for an Eighth Amendment violation if the corrections officer had a realistic and reasonable opportunity to intervene and failed to do so. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). Plaintiff does not allege that any named Defendant was present at the time of the assault. Consequently, no Defendant had a realistic and reasonable opportunity to intervene, and it would be futile to allow an amendment. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). This theory of liability will be dismissed with prejudice.

### 3. Cover up

Plaintiff alleges that Defendant Holt "created .. a culture of staff cover up", and that Defendant Gintz "[i]n his reporting of the incident he attempt[ed] to cover up staff liability." (Doc. 1, p. 7). This Court finds insufficient facts in the complaint to support such a civil conspiracy claim.

In Clark, the plaintiff alleged that after having an altercation with his cellmate, several corrections officers used excessive force while escorting him to a basement holding cell and, further, that he was denied medical treatment for his broken arm. See Clark, 2011 U.S. Dist. LEXIS 24584 at *1-2. He claimed that the prison supervisory defendants "participated in the cover-up and false investigations in regards to this incident." Id. In determining that the complaint was insufficient to allege a conspiracy claim, the Clark court stated:

> In order for a § 1983 civil conspiracy claim to survive a motion to dismiss, a plaintiff is required "to provide some factual basis to support the existence of the elements of a conspiracy." Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 185

16

> (3d Cir. 2009). Indeed, a plaintiff is required to show that "two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993); see also Royster v. Beard, 308 Fed. App'x 576, 579 (3d Cir. 2009). While the Third Circuit Court of Appeals is "mindful that direct evidence of a conspiracy is rarely available and that the existence of a conspiracy must usually be inferred from the circumstances ..., the rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 185 (3d Cir. 2009)(quoting Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990)). The mere conclusory assertion of a conspiracy is insufficient to satisfy the pleading standards under Twombly, supra; see also Tindell v. Beard, 351 Fed. App'x. 591, 594 (3d Cir. 2009).

Id. at *26-27. A "'plaintiff must assert facts from which a conspiratorial agreement can be inferred'" and, importantly, "[u]nlike factual assertions, mere conclusions are not entitled to the presumption of truth." Mitchell v. Beard, 492 Fed. Appx. 230, 235 n.6 (3d Cir. 2012) (rejecting the prisoner's allegations that certain DOC defendants supported a "conspiracy of silence" as bald and conclusory), quoting Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010).

Here, Plaintiff's allegations against Defendant Holt are mere conclusions and unsupported by any facts. As to Defendant Gintz, although Plaintiff refers to the two incident reports, this Court finds that the omitted reference to the video recordings in the second report, without more, does not support a conspiracy claim. Plaintiff will be allowed to file an amended complaint against both Defendants to assert additional facts from which a conspiratorial agreement can be inferred.

4.   **Exhaustion**

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under ... Federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004) (holding that "42 U.S.C. § 1997e(a), enacted as part of the PLRA, provides that a prisoner may not bring a [civil rights] suit with respect to prison conditions 'until such administrative remedies as are available are exhausted'"). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000). The PLRA mandates that inmates properly exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 92 (2006); 28 C.F.R. § 542.10 et al. (Bureau of Prisons Administrative Remedy Procedure ). A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense that must be pled and proven by the defendants. Id.

It appears from the grievance attached to the complaint that Plaintiff did not exhaust administrative remedies with respect to all[10] of his Eighth Amendment claims. See (Doc. 1, Ex. at pp. 25-26) (raising a due process challenge to the Disciplinary Hearing). Specifically, the grievance does not complain about Defendant Holloway or the allegedly inadequate medical

---

[10]Arguably, Plaintiff did pursue administrative remedies against Defendant Gintz, complaining about the incident reports and Defendant Gintz's alleged attempt to cover up the assault. (Doc. 1, Ex. at pp. 25-26).

18

care. (Id.). The grievance also fails to mention Defendant Holt or any alleged failure to protect. (Id.). Nevertheless, the complaint indicates that Plaintiff completed the grievance procedure. Because failure to exhaust is an affirmative defense and this Court cannot determine whether the pro se Plaintiff has attached all his grievances to his pleadings, sua sponte dismissal for failure to exhaust is not appropriate at this time. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Plaintiff is cautioned, however, against reasserting his claims against Defendant Holloway or Defendant Holt in an amended complaint if they have not been fully exhausted.[11]

### 5.   Amended Complaint

As explained herein, Plaintiff will be afforded an opportunity to file an amended complaint to sufficiently plead a duty to protect claim and a civil conspiracy claim for the alleged cover up. Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise,

---

[11] Notably, if Plaintiff failed to exhaust administrative remedies, his claims may also be barred by the statute of limitations. See Collins v. DeRose, 2009 U.S. Dist. LEXIS 24883, *6 (M.D. Pa. 2009) (Caldwell, J.) (stating that civil rights claims are analogous to personal injury tort actions and are subject to the state statute of limitations governing such claims, which in Pennsylvania is two years), citing 42 Pa. C.S.A. § 5524. But see Thomas v. Palakovich, 2012 U.S. Dist. LEXIS 45011, *11-12 (M.D. Pa. 2012) (Caputo, J.) (concluding that where the complaint does not indicate how long the prisoner was involved in the administrative grievance process, "it is possible that the tolling of the statute of limitations during that process would make his claims timely" and sua sponte dismissal is improper), citing Davila v. Sheriff's Dep't, 413 Fed. App'x 498, 502 (3d Cir. 2011).

and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)). "The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.) (citing Iqbal, 556 U.S. at 676).

This action will be remanded to Magistrate Judge Schwab for further proceedings. A separate Order will be issued.

Date: August 16, 2013

**United States District Judge**