# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELVIN TOWNSEND,<br>  Plaintiff<br><br>  v.<br><br>RONNIE R. HOLT, WARDEN,<br>ET AL.,<br>  Defendants | :<br>:<br>: CIVIL NO. 3:13-CV-0758<br>:<br>: (JUDGE NEALON)<br>: (MAGISTRATE JUDGE SCHWAB)<br>:<br>: |

## **MEMORANDUM**

### **Background**

On March 25, 2013, Plaintiff, Kelvin Townsend, an inmate currently confined at the Federal Correctional Complex in Coleman, Florida, ("FCC-Coleman"), filed a complaint pursuant to 28 U.S.C. § 1331 for events that occurred while he was housed at the United States Penitentiary in Waymart, Pennsylvania ("USP-Canaan"). (Doc. 1). In his original complaint, Plaintiff alleges that his constitutional rights were violated when Defendants Warden Holt, Lieutenant Gintz, Dr. Holloway, and the Bureau of Prisons ("BOP") violated his Eighth Amendment rights by failing to protect him, denying him pain medication for his injuries, and attempting to cover up their own liability after he was assaulted by an inmate at USP-Florence. (Doc. 1).

On May 14, 2013, Magistrate Judge Schwab issued a first Report and

Recommendation, recommending that Plaintiff's claims against the Bureau of Prisons ("BOP") and Defendants in their official capacities be dismissed with prejudice, and that Plaintiff be permitted to file an amended complaint on his failure to protect and conspiracy claims. (Doc. 10). On August 16, 2013, the Undersigned issued a Memorandum and Order, adopting Magistrate Judge Schwab's first Report and Recommendation, and directing Plaintiff to file an amended complaint on these remaining claims. (Docs. 18 and 19).

On September 17, 2013, Plaintiff filed an amended complaint. (Doc. 20). In this amended complaint, Plaintiff alleged that staff at USP-Florence assaulted and attempted to kill him, and that he was transferred to a medical facility in Pennsylvania and then to USP-Canaan while in a coma in order to make it appear that the assault occurred at USP-Canaan. (Id.). Plaintiff alleges that he suffered severe head trauma as a result of the assault, and that Defendants conspired to cover up USP-Florence staff's involvement. (Id.). More specifically, he alleges: (1) that Defendant Gintz created a false investigation and false video evidence, and then issued a misconduct report to Plaintiff to cover up the assault by the staff of USP-Florence; (2) that Defendant Dr. Holloway assisted in creating false medical documents in a conspiracy to cover up the true nature of the assault; and (3) Defendant Warden Holt aided in the conspiracy to cover-up the alleged USP-

2

Florence assault by permitting Plaintiff's transfer to USP-Canaan, which Plaintiff contends violated his right of access to the courts. (Doc. 20).

On December 13, 2013, Defendants filed a motion to dismiss, and in the alternative, a motion for summary judgment. (Doc. 25). Defendants filed their brief in support and statement of material facts on February 25, 2014. (Docs. 37 and 38). On June 16, 2014, after a status conference, it was ordered that Defendants' motion to dismiss, and in the alternative, for summary judgment was deemed withdrawn without prejudice to Defendants refiling after the discovery period ended on September 30, 2014. (Doc. 49). On June 30, 2014, Defendants filed an answer to the amended complaint. (Doc. 51). On January 15, 2015, Defendants filed a second motion to dismiss, and in the alternative, motion for summary judgment. (Doc. 67). On February 17, 2015, Defendants filed a brief in support and statement of material facts. (Docs. 72 and 73). On July 13, 2015, Plaintiff filed an answer to the statement of facts. (Doc. 80). On August 3, 2015, Defendants filed a reply brief to Plaintiff's "Answer to Statement of Facts". (Doc. 83).

On August 12, 2015, Magistrate Judge Schwab issued a second Report and Recommendation ("R&R"), recommending that Defendants' motion to dismiss and for summary judgment be granted. (Doc. 84). Objections to the R&R were

due by August 31, 2015, but have not been filed. The matter is now ripe for review, and for the reasons discussed herein, the R&R will be adopted in part, Defendants' motion to dismiss will be granted, Defendants' motion for summary judgment will be dismissed as moot, and the case will be dismissed with prejudice.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28

U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In their motion to dismiss and motion for summary judgment and corresponding brief in support, Defendants assert the following: (1) the amended complaint fails to assert a conspiracy claim upon which relief can be granted; (2) Plaintiff failed to exhaust his administrative remedies as to his claims against Defendants Warden Holt and Dr. Holloway; (3) Plaintiff's claims are barred by the favorable-termination rule; and (4) Defendant Gintz's alleged issuance of a false misconduct report does not rise to the level of a constitutional violation. (Doc. 72, pp. 5-15).

In the R&R, Magistrate Judge Schwab provided the factual and procedural background of the case and the applicable standards of review for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, all of which are herein adopted. (Doc. 84, pp. 1-8, 12-15). The Magistrate Judge construes Defendants' motion "as seeking dismissal of the conspiracy claim pursuant to Fed.R.Civ.P. 12(b)(6)" and as seeking summary judgment for the remaining arguments due to the introduction of evidence outside of the pleadings. (Id. at 5).

5

Regarding the conspiracy claim, Magistrate Judge Schwab initially defines conspiracy in a Section 1331 case and the accompanying case law, which is herein adopted. (Id. at pp. 8-10). The Magistrate concludes the following:

> Here, although [Plaintiff] alleges that [Defendants] conspired to cover up the assault by staff at USP[-]Florence, he has not pleaded facts to support a plausible conspiracy claim. He alleges that [Defendants] engaged in a vast conspiracy, which he himself acknowledges seems "incredible," see Doc. 20 at 4, ¶7, and he makes conclusory allegations that all of the actions of [Defendants] were part of that conspiracy. But he does not allege facts from which it can reasonably be inferred that [Defendants] reached an agreement, or a meeting of the minds, to deprive him of his constitutional rights. In this regard, [Plaintiff] does not allege that [Defendants] knew of the alleged assault on him at USP[-]Florence at or before the time it happened or that they engaged in any conspiracy to enable th[e] alleged assault to occur. Rather, [Plaintiff merely alleges that, after the assault, [Defendants] engaged in a conspiracy to cover up the assault. Here again, however, he has not alleged facts from which it can be inferred that [Defendants] conferred about their actions or agreed to violate[] his rights.
>
> Moreover, [Plaintiff] has not alleged facts from which the Court can reasonably infer that the alleged conspiracy to cover up violated his constitutional rights. "A cover-up, without more, cannot be the basis of a conspiracy claim under § 1983." Epifan v. Roman, No. 3:11-CV-02591-FLW, 2014 WL 4828606, at *7 (D.N.J. Sept. 29, 2014). Rather, a plaintiff must show how the purported cover up violated his constitutional rights. [] Although [Plaintiff] alleges that the cover up denied him access to the courts, he has not alleged facts to support that conclusion. Moreover, he was able to bring this action. Thus, he has not plausibly alleged that the conspiracy to cover up violated his rights.

6

(Doc. 84, pp. 10-11). As a result, because Plaintiff has failed to allege that Defendants engaged in a conspiracy, Magistrate Judge Schwab recommends that Plaintiff's conspiracy claim be dismissed. (Id. at 12).

Furthermore, Magistrate Judge Schwab recommends dismissal of the amended complaint in its entirety because Plaintiff has asserted <u>only</u> a conspiracy claim, and thus Defendants' remaining summary judgment arguments need not be addressed. (Doc. 84, p. 12) (emphasis added). This Court agrees with Magistrate Judge Schwab's interpretation of Plaintiff's amended complaint, and thus it is unnecessary to discuss the remainder of the R&R as the only foundation of Plaintiff's amended complaint will be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

After review, and in the absence of objections, because there is no clear error with Magistrate Judge Schwab's R&R, it will be adopted in part as such. Thus, Defendants' motion to dismiss the amended complaint will be granted, the summary judgment motion will be dismissed as moot, and the case will be dismissed with prejudice.

A separate Order will be issued.

**Date:** September 28, 2015

                                              /s/ William J. Nealon
                                              **United States District Judge**